**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 25-cv-3078-WJM-KAS

JESUS MORALES LOPEZ

      Petitioner,

v.

JUAN BALTAZAR, in his official capacity as warden
of the Aurora Contract Detention Facility, *et al*.

      Respondents.

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

Before the Court is Petitioner Jesus Morales Lopez's Emergency Motion for Temporary Restraining Order ("TRO") ("Motion").  (ECF No. 10.)  Therein, Morales Lopez asserts that, "[o]n October 2, 2025, one day after seeking judicial review of his prolonged detention, the Aurora Immigration Court abruptly scheduled [him] for an Individual Hearing on October 15, 2025, leaving only thirteen days' notice."  (*Id.* at 1.)  According to Morales Lopez, "[i]f the immigration court proceeds on October 15, Morales Lopez risks being ordered removed or subjected to a final order before this Court can adjudicate his habeas petition.  Such action would moot this case and extinguish the Court's jurisdiction."  (*Id.* at 2.)  "Morales Lopez therefore seeks an emergency order temporarily restraining [Respondents Juan Baltazar, Warden of Aurora Contract Detention Facility, Robert Guadian, Field Office Director of Denver Field Office of U.S. Immigration & Customs Enforcement ("ICE"), Todd Lyons, Acting Director of ICE, Kristi Noem, Secretary of the U.S. Department of Homeland Security,

and Pamela Bondi, Attorney General of the United States (collectively, "Respondents")] from conducting that hearing pending this Court's resolution of the habeas petition." (*Id.*)

To obtain a temporary restraining order, a movant must show that (1) they are likely to succeed on the merits, (2) they are likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities weighs in the movant's favor, and (4) an injunction is in the public interest. *M.G. through Garcia v. Armijo*, 117 F.4th 1230, 1238 (10th Cir. 2024). The last two factors "merge" where the Government is the opposing party. *Denver Homeless Out Loud v. Denver, Colorado*, 32 F.4th 1259, 1278 (10th Cir. 2022).

As an initial matter, the Court notes that it is very troubled by the fact that Morales Lopez's Individual Hearing was set so quickly after he initiated this habeas action. Indeed, Morales Lopez received notice of the October 15, 2025 hearing on October 2, 2025—a *single* day after he filed his petition in this Court. (*Id.* at 11.) The abrupt timing of this scheduling strongly suggests to the Court that it was taken by Respondents in retaliation of Morales Lopez pursuing a judicial proceeding. *See Aguilera v. 1205 Kirkpatrick*, 241 F.3d 1286, 1292 (10th Cir. 2001) ("When facing deportation . . . aliens are entitled to procedural due process, which provides an opportunity to be heard at a meaningful time and in a meaningful manner."). This type of bad faith conduct is inimical to our system of justice, and is conduct this Court will generally not abide.

Unfortunately for Morales Lopez, however, given the facts and law applicable to the immediate dispute, the Court concludes that he has not demonstrated entitlement to

2

a TRO.  This is principally because he has not shown "a relationship between the injury claimed in the [his] motion and the conduct asserted in the complaint."  *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) (internal quotations omitted); *see also Hicks v. Jones*, 332 F. App'x 505, 508 (10th Cir. 2009) (concluding that district court properly denied motion for a preliminary injunction and TRO where the requested relief was unrelated to the merits of the underlying claim).  Morales Lopez's habeas petition—which challenges only the legality of his detention—has little to no nexus to the relief he actually requests in his Motion—which concerns only the merits of his underlying immigration case.  Indeed, Morales Lopez's habeas petition focuses only on the legality of 8 C.F.R. § 1003.19(i)(2), which he says Respondents are improperly using to keep him detained despite the Immigration Judge's order granting him bond.  (*See generally* ECF No. 1.)  That is, Morales Lopez's habeas petition does not call into question the notion that Respondents can legally initiate his Individual Hearing and seek his removal.

Relatedly, the Court discerns no irreparable harm by denying the Motion. Morales Lopez has not shown that he will be harmed by the Court not resolving his detention issue before the Individual Hearing occurs.  It appears that his Individual Hearing will proceed regardless of whether the Court holds unconstitutional 8 C.F.R. § 1003.19(i)(2) and orders for his immediate release.[1]  (*See* ECF No. 12 at 8 (asserting

---

[1] Notably, Morales Lopez does not say whether he moved for a stay or continuance of the Individual Hearing in the immigration court.  Respondents were not able to confirm this either.  (ECF No. 12 at 3 n.3.)  This would seem to be the obvious remedy Morales Lopez should seek if he is concerned that he is being denied the opportunity to prepare for what will likely be a very substantive proceeding.  See *Padilla v. Kentucky*, 559 U.S. 356, 369 (2010) ("Immigration law can be complex, and it is a legal specialty of its own."); *see also Aguilera v. 1205 Kirkpatrick*, 241 F.3d 1286, 1292 (10th Cir.2001) ("When facing deportation . . . aliens are entitled to procedural due process, which provides an opportunity to be heard at a meaningful time and in a meaningful manner.").

3

that the Individual Hearing "will go forward regardless of whether Petitioner is detained").)  Thus, even assuming Morales Lopez has shown that there is a likelihood that he will succeed on the merits of this habeas action,[2] he has not shown that the Court should conclude so at this early and emergency stage of the case.

For these reasons, the Motion is DENIED.  (ECF No. 10.)

Dated this 14th day of October, 2025.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge

---

[2] Respondents do not argue in their Response that Morales Lopez is unlikely to prevail on the merits of this habeas action.  (*See generally* ECF No. 12.)

4