IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 25-cv-3078-WJM-KAS

JESUS MORALES LOPEZ

  Petitioner,

v.

JUAN BALTAZAR, in his official capacity as warden
of the Aurora Contract Detention Facility, *et al*.

  Respondents.

## ORDER DIRECTING SUPPLEMENTAL BRIEFING

  On October 23, 2025, the Board of Immigration Appeals ("BIA") vacated the Immigration Judge's ("IJ") Order granting Petitioner Jesus Morales Lopez bond in the amount of $7,500. (ECF No. 18 at 17.) On October 27, 2025, Morales Lopez filed a reply in support of his motion for a temporary restraining order, in which he argues that, notwithstanding the BIA's decision, the Court retains jurisdiction over this habeas action and that the decision does not otherwise undermine his likelihood of succeeding on the merits. (*See generally id.*) "Alternatively, Morales Lopez would be amenable to additional briefing time for both parties to respond to this development in the case, but anticipates that Respondents will address the Board decision in its response to Morales Lopez's Petition due today." (*Id.* at 2 n.1.) Later that same day, Respondents filed a response to Morales Lopez's habeas petition, but they perplexingly did not address the BIA's decision at all. (*See generally* ECF No. 19.)

  The Court queries whether the BIA's decision renders this habeas action moot.

After all, the thrust of Morales Lopez's theory of the case is that the Department of Homeland Security lacks the authority to stay the IJ's bond Order pending the BIA appeal pursuant to 8 C.F.R. § 1003.19(i)(2), and that its doing so deprives him of procedural and substantive due process. (*See generally* ECF No. 1.) But that appeal is now complete and the bond Order has been vacated. So the premise of Morales Lopez's theory of the case—that 8 C.F.R. § 1003.19(i)(2) is unlawful—would appear to be mooted by the fact that the IJ's Order has been vacated. In a similar vein, the Court does not understand how it could release Morales Lopez pursuant to an IJ's bond Order that no longer has legal effect.

Relatedly, the Court is not persuaded by Moralez Lopez's assertion that, "even if Morales Lopez were to refile his habeas petition now, the outcome would be the same: the Court would find jurisdiction under § 236(a) *and order a bond hearing*." (ECF No. 18 at 3 (emphasis added).) The outcome would *not* be the same because Morales Lopez does not ask the Court to order a bond hearing in his habeas petition—instead, he asks the Court to order for his immediate release pursuant to the now-defunct IJ bond order. (ECF No. 1 at 16.) Nor is the Court convinced that it would be appropriate to address the new arguments Morales Lopez raises in his reply, including that the BIA's decision has "substantive and procedural deficiencies." (ECF No. 18 at 6.) The Court takes this argument as a suggestion that the Court should disregard the BIA's decision because it is legally infirm. Such new arguments, however, would seem to be more appropriately raised in a habeas petition in the first place.

Given all this, the Court **DIRECTS** Respondents to file supplemental briefing addressing this mootness issue, and any other related issue it deems appropriate, by

2

**November 5, 2025**.  Morales Lopez shall file a response by **November 14, 2025**.

Additionally, in light of the new arguments Morales Lopez appears to raise in his reply to the motion for a temporary restraining order, the Court **ORDERS** the parties to also address in their supplemental briefing whether they believe it would be appropriate for the Court to grant Morales Lopez leave to amend his habeas petition in response to the recent, fundamental developments in this case.  The briefs shall be no longer than 15 pages, exclusive of certificate of service and attorney signature block.

Dated this 28th day of October, 2025.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge

3