IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 25-cv-3078-WJM-KAS

JESUS MORALES LOPEZ

      Petitioner,

v.

JUAN BALTAZAR, in his official capacity as warden
of the Aurora Contract Detention Facility, *et al*.

      Respondents.

---

**ORDER DENYING THIRD MOTION FOR
TEMPORARY RESTRAINING ORDER**

---

Before the Court is Petitioner Jesus Morales Lopez's third motion for a temporary restraining order ("Motion"). (ECF No. 33.) Therein, he seeks one of two forms of relief: (1) "immediate release," seemingly with no conditions attached thereto, or in the alternative, (2) "immediate release upon reposting the bond amount as determined by the Immigration Judge on August 14, 2025."[1] (*Id.* at 1.)

In support of these requests for relief, Morales Lopez argues that he "is more than likely to succeed on the merits of his claim that he is unlawfully detained under Respondents' interpretation of INA § 235(b)." (*Id.* at 2.) In Morales Lopez's view, he is eligible for discretionary release on bond under 8 U.S.C. § 1226(a) because he was detained after residing in the United States for over two years. (*Id.* at 3.) In other

---

[1] As will become apparent later in this Order, the Court's ability to grant relief to Morales Lopez is constrained by the relief he does *not* seek in his Motion: (1) a preliminary injunction in addition to a temporary restraining order; (2) a new bond hearing; and (3) immediate release pending the scheduling of a new bond hearing.

words, Morales Lopez posits that he is not subject to 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention provision because he is not an "applicant for admission," as that term is properly understood under that statute. (*Id.*) Morales Lopez cites several recent decisions, including from this District, adopting his interpretation of the law. *See, e.g.*, *Mendoza Gutierrez v. Baltazar,* 2025 WL 2962908, at *10 (D. Colo. 2025); *see also Garcia Cortes v. Noem*, 2025 WL 2652880, at *3 (D. Colo. 2025) (agreeing "with Petitioner that Respondents were wrong to detain him without an opportunity to seek release on bond" because "[p]etitioner is not subject to § 1225(b)(2)(A)'s mandatory detention provision, nor does he fall outside of § 1226(a)'s discretionary detention provision based on any § 1226(c) exceptions").

The parties should assume that the Court will likely conclude, as numerous other courts have, that undocumented immigrants who have resided in the country for years fall within the auspices of section 1226(a)—not section 1225(b)(2)(A). As such, the Court is currently of the view that those undocumented immigrants are entitled to a meaningful opportunity to a bond hearing before an Immigration Judge ("IJ").

What the Court is not currently convinced of, however, is Morales Lopez's unexplained position that the remedies he seeks somehow follow the legal arguments he asserts. Even assuming Morales Lopez is eligible for bond under section 1226(a), the Court does understand how that would authorize his immediate release, untethered to a bond hearing. Courts have the authority to order for an immigrant's immediate release where, for example, "there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas v. Davis,* 533 U.S. 678, 701 (2001). But Morales Lopes does not advance a *Zadvydas* claim in this action. (*See generally* ECF

2

No. 31.)  Indeed, Morales Lopez does not appear to challenge any aspect of his removability in this action.[2]  (*Id.*)  So this argument—that he should be immediately released simply because section 1226(a) governs here—is not meaningfully developed by Petitioner and is denied on that basis.  *Anderson v. Colvin*, 2013 WL 3216140, at *3 (D. Colo. June 25, 2013).

Nor is the Court convinced that it can immediately release Morales Lopez pursuant to the IJ's August 2024 Order granting him bond in the amount of $7,500.  (ECF No. 18 at 17.)  As explained in an earlier Order, the Board of Immigration Appeals ("BIA") vacated that bond decision in October 2025.  (ECF No. 18 at 17.)  And the Court has already made clear that it doubts "it could release Morales Lopez pursuant to an IJ's bond Order that no longer has legal effect."  (ECF No. 21 at 2.)

Morales Lopez does not explain[3] in his Motion how the Court can immediately

---

[2] Moreover, as another Judge in this District has recently observed, "Section 1226(a) does not require release—it provides DHS the discretion to grant an alien release on bond." *Hernandez v. Baltazar*, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025) (citing *Romero v. Hyde*, 2025 WL 2403827, at *10 (D. Mass. Aug. 19, 2025)).

[3] The Court has located cases granting immediate release pending the ordering of a new bond hearing, including in circumstances where, as here, the petitioner was already granted bond months earlier.  *See, e.g., Orellana v. Noem*, 2025 WL 3006763, *1, *5 (W.D. Ky. Oct. 27, 2025) (ordering a bond hearing after an IJ had granted bond earlier); *see also Godinez-Lopez v. Ladwig*, 2025 WL 3047889, at *6 (W.D. Tenn. Oct. 31, 2025) (granting petitioner's "releas[e] from detention pending a bond hearing before an [immigration judge]"); *Faizyan v. Casey*, 2025 U.S. Dist. LEXIS 225957, at *9 (S.D. Cal. Nov. 17, 2025) ("[D]ue process requires Petitioner to be released from custody and receive a bond hearing before an immigration judge before he can be re-detained."); *Ramos v. Rokosky*, 2025 WL 3063588, at *9 (D.N.J. Nov. 3, 2025) (granting release and requiring a bond hearing if petitioner was later arrested and detained under § 1226); *but see Barrajas v. Noem*, 2025 WL 2717650, at *5 (S.D. Iowa Sep. 23, 2025) (granting bond hearing as injunctive relief and noting tension between immediate release and § 1226(e)); *Lopez v. Olson*, 2025 WL 3217036, at *4 (W.D. Ky. Nov. 18, 2025) ("The United States is DIRECTED to release Lopez from custody and provide her with a bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a).").

But the Court has not located cases simply granting release pursuant to a prior bond order that has been reversed by the BIA.  Should Morales Lopez file another motion for a

3

release him pursuant to a defunct, vacated IJ Order. He instead challenges the BIA's decision reversing that Order on the ground that is legally flawed. Specifically, he says that decision erroneously relied on *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), which runs counter to the plain text of section 1226(a). (*Id.*)

Even so, the Court cannot effectively reverse the BIA's decision and revive the IJ's Order. That specific power would appear to lie with the Tenth Circuit Court of Appeals. *See Reyes v. Lynch*, 2015 WL 5081597, at *3 (D. Colo. Aug. 28, 2015) ("Petitioner has a right of judicial review in the Tenth Circuit Court of Appeals if the BIA affirms [or reverses] the immigration judge's decision."). So the Court denies Morales Lopez's request for immediate release pursuant to the vacated IJ bond order as well.

Thus, because Morales Lopez has not explained how the Court could grant him the specific relief he seeks, pursuant to the IJ's defunct bond Order or otherwise, the Motion is DENIED.[4] (ECF No. 33.)

---

temporary restraining order or preliminary injunction, the Court welcomes him to cite to such authorities.

[4] As previously noted, Morales Lopez also does not ask in the Motion that the Court order that he receive a bond hearing pursuant to its habeas authority. *See Mendoza Gutierrez v. Baltasar*, 2025 WL 2962908, at *14 (D. Colo. Oct. 17, 2025) ("Defendants must release Mr. Gutierrez immediately until he receives a bond hearing before an IJ under § 1226(a), at which the Government shall bear the burden of justifying by clear and convincing evidence of dangerousness or flight risk . . . ."); *see also Rodriguez v. Bostock*, 779 F.Supp.3d 1239, 1245 (W.D. Wash. 2025) ("Because he has also shown irreparable harm, that the balance of hardships tips sharply in his favor, and that he need not exhaust administrative remedies, the Court GRANTS Rodriguez's motion for a preliminary injunction. Defendants are ordered to provide Rodriguez with a bond hearing under 8 U.S.C. § 1226(a) within fourteen days of this Order."); *Salazar v. Dedos*, 2025 WL 2676729, at *9 (D.N.M. Sept. 17, 2025) (ordering for petitioner to receive a bond hearing, and that he be "immediately released" should that bond hearing not be held within seven days of the court's order).

4

Dated this 21st day of November, 2025.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge

5